IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN M. EVANS,** | : | |
| Petitioner, | : | CIVIL NO. 1:CV-04-1875 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **FRANK GILLIS,** *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM AND ORDER

**I.   Introduction**

Warren Evans, currently an inmate at the State Correctional Institution at Coal Township ("SCI-Coal"), Pennsylvania, commenced this action with a pro se petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. Petitioner claims that the Pennsylvania Board of Probation and Parole ("PBPP") applied amended standards to each of his six (6) reparole applications, in contravention of the ex post facto clause of the United States Constitution. By Order dated September 21, 2004 (Doc. 7), Respondents were directed to respond to the allegations in the petition within twenty (20) days. Respondents were granted an enlargement of time to respond to the petition, and a response was filed on October 28, 2004. Presently pending is Respondents' motion to dismiss (Doc. 12) the habeas petition for Petitioner's failure to exhaust state court remedies. A timely brief in support of the motion and exhibits have been filed, and Petitioner has not responded to the motion. For the reasons set forth below, the motion will be dismissed as moot, and the petition will be denied on the merits.

**II.   Discussion**

**A.  Exhaustion of State Court Remedies**

Petitioner filed the present petition pursuant to the provisions of 28 U.S.C. § 2254. Under § 2254

(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted</u> unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State. . ." (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-20 (1982); <u>Doctor v. Walters</u>, 96 F.3d 675 (3d Cir. 1996).

The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." <u>Hankins v. Fulcomer</u>, 941 F.2d 246, 249 (3d Cir. 1991); <u>see also</u> <u>Gibson</u>, 805 F.2d at 138. Petitioner concedes that he has not exhausted his state court remedies, and verifies that an appeal of the Commonwealth Court denial of his mandamus petition was pending in the Pennsylvania Supreme Court on the filing date of his habeas petition (August 24, 2004).[1] Nevertheless, Petitioner argues that exhaustion would be futile, citing <u>Finnegan v. Bd. of Probation and Parole</u>, 838 A.2d 684 (Pa. 2003). However, the Pennsylvania Supreme Court recently overruled <u>Finnegan</u> in <u>Cimaszewski v. Bd. of Probation and Parole</u>, 868 A.2d 416, 427 (Pa. 2005). In <u>Cimaszewski</u>, the Court held

---

[1]"[Petitioner's petition for writ of mandamus . . . was denied [by the Commonwealth Court] on April 9, 2003. . . Thereafter, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court . . . but nothing has been decided by the Court, as of [the filing date of the habeas petition]." (Doc. 2 at 3-4.)

2

mandamus relief is available to Pennsylvania state prisoners who challenge the constitutionality of parole denials based upon a claim of ex post facto violation. Id.; See also DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005) (holding mandamus is not available for Pennsylvania state prisoners challenging denial of parole on constitutional grounds other than the ex post facto clause).

However, exhaustion is not a jurisdictional requirement, Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995), and failure to exhaust is not an insurmountable bar to consideration of the merits of a habeas petition. Granberry v. Greer, 481 U.S. 129, 131 (1987). An application for writ of habeas corpus may be denied on the merits, notwithstanding a failure to exhaust state court remedies, 28 U.S.C. § 2254(b), and courts may exercise discretion to determine whether comity and federalism will be better served by requiring exhaustion, or by addressing the merits of the petition forthwith. Granberry, 481 U.S. at 131. If, for example, the petition presents an unresolved issue of state law, comity and judicial economy may dictate dismissal for failure to exhaust state court remedies to allow the state courts an opportunity to address the issue. By contrast, if the issue presented by the petition is well-settled, and the Petitioner fails to raise a viable claim, the interests of the state courts, federal courts, Petitioner and Respondents would be best served by disposition of the petition without further state and federal proceedings. Id. at 134-135. The United States Court of Appeals for the Third Circuit has held that district courts reviewing habeas petitions may dismiss plainly meritless unexhausted claims. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992). Accordingly, although Petitioner has not exhausted his state court remedies on his ex post facto claim, his petition is meritless, and the petition will be addressed on the merits.

**B. Ex Post Facto Claim**

Petitioner correctly notes that the United States Court of Appeals for the Third Circuit has held that

3

the 1996 amendments to the Pennsylvania parole statute (61 P.S. § 331.1), as initially applied by the PBPP, violated the ex post facto clause. In Mickens-Thomas v. Vaughn, 321 F.3d 374, 393 (3d Cir. 2003), the Court concluded that the PBPP interpreted the amended statute to "mandate foremost the consideration of public safety." Id. at 391. "The [PBPP] mistakenly construed the 1996 statutory change to signify a substantive change in its parole function." Id. Notwithstanding this conclusion, the Third Circuit also acknowledged a recent decision of the Pennsylvania Supreme Court, Winklespecht v. Pa. Bd. of Prob. & Parole, 571 Pa. 685, 813 A.2d 688 (Pa. 2002), which clarified that the amended § 331.1 did not constitute binding language requiring the PBPP to place the greatest weight on consideration of the public safety. Id. However, the Court concluded that the Winklespecht decision, "made after the Board's actions on Thomas' parole, came too late to alter the Board's view of the statutory amendment on the outcome of the case." Id. (emphasis in original).

According to Mickens-Thomas, as well as other non-precedential cases subsequently addressed by the Third Circuit, the appropriate remedy for an ex post facto violation in parole review is for the district court to remand the parole applications to the PBPP for re-adjudication applying the pre-1996 law. Mickens-Thomas, 321 F.3d at 393; McLaurin v. Larkins, 2003 WL 22147497 (3d Cir. Sept. 18, 2003); Hallawell v. Gillis, 2003 WL 1919371 *8 (3d Cir. Apr. 23, 2003). However, the class of individuals entitled to such relief is very narrow. Except for individuals whose parole decisions were made after the adoption of the 1996 changes, and before Winklespecht clarified the fact that the amendment did not change the administration of parole policies, subsequent parole reviews are made with the understanding that the 1996 amendments did not change the analysis used in the parole proceedings.

At issue in the instant case is Petitioner's reparole denial recorded on December 10, 2003 (Doc. 3,

4

Ex. I).[2]  The December 10, 2003 decision was rendered well after the PBPP had the benefit of the

Winklespecht decision, and specified the following reasons for denial of reparole:

> 1) [Petitioner's] version of the nature and circumstances of the offense(s) committed.
>
> 2) [Petitioner's] refusal to accept responsibility for the offense(s) committed.
>
> 3) [Petitioner's] lack of remorse for the offense(s) committed.
>
> 4) [Petitioner's] history of supervision failures.
>
> 5) [Petitioner's] need to participate in and complete additional institutional programs.

(Doc. 3, Ex. I at 1.)  In the decision, the PBPP not only stated that it took the required factors into account, but also noted the specific reasons why Petitioner had been denied reparole.  These reasons comport with the pre-1996 requirements of the Act.  Thus, the Court concludes that the PBPP, guided by *Winklespecht*, returned to the pre-1996 standards for review of Petitioner's December 10, 2003 reparole application.  Accordingly, the standards utilized in Petitioner's parole review are not violative of the ex post facto clause, and the petition will be denied.

### III.  Conclusion

Although Petitioner concedes that he had not exhausted his state court remedies, the Court may

---

[2] Petitioner has been reviewed for reparole and denied on at least six (6) occasions: January 15, 1997; February 10, 1998; January 26, 1999; February 8, 2000; January 31, 2001; March 29, 2002; and December 10, 2003.  He challenges each of his denials of reparole (Doc. 3, Exs. C-I) on the  grounds that they violate the ex post facto clause of the United States Constitution.  The remedy available to Petitioner, upon a finding that a denial of parole violated the ex post facto clause, would be a directive that the PBPP hold a new hearing.  Thus, the challenges to the  prior six denials are rendered moot by virtue of the fact that subsequent hearings have been held.  The latest PBPP decision, recorded December 10, 2003 (Doc. 3, Ex. I), is the only one ripe for consideration.

deny his petition on the merits. A review of the record supports a conclusion that the PBPP has not applied inappropriate standards to Petitioner's reparole application in violation of the ex post facto clause. An appropriate order follows.

## IV. Order

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. Respondents' motion to dismiss (Doc. 12) the petition for writ of habeas corpus is **DISMISSED** as moot.

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a certificate of appealability.

    s/ Yvette Kane
YVETTE KANE
United States District Judge

Dated: May 3, 2005.